UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ELINA TURYANTS<br><br>                    Plaintiff,<br><br>   -- against --<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER NICOLE ATKINSON, POLICE OFFICER KURT ANDERSON of the 112 PRECINCT, AND "JOHN DOES 1- 4", persons employed by NEW YORK CITY POLICE DEPARTMENT<br>                    Defendants. | Civil Action: _____<br><br>COMPLAINT<br><br>Jury Trial Demanded |

## INTRODUCTION

ELINA TURYANTS, OF New York hereby asserts the following claims against the defendants in the above entitled action:

1. Violation of 42 U.S.C. 1983: False arrest;

2. Violation of 42 U.S.C. 1983: failure to intervene;

3. False arrest and imprisonment;

4. Assault and Battery;

5. Intentional infliction of emotional distress;

6. Malicious Prosecution;

7. Negligent hiring, training, retention and supervision;

8. Negligence.

## PRELIMINARY STATEMENT

This is an action in which Plaintiff ELINA TURYANTS (hereinafter "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to Plaintiff by 42 U.S.C. §1983, §1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. On

or about January 30, 2017 at or near the location known as the intersection of Metropolitan Avenue and 75th Avenue Queens County, City and State of New York at approximately 7:20 p.m., Defendants without probable cause arrested Plaintiff for a violation of NYPL §165.40. The Defendants commenced a prosecution against Plaintiff without probable cause or justification, causing Plaintiff to be incarcerated for a period in excess of one (1) days. Said prosecution was instituted with malice and bad faith and deliberate indifference to Plaintiff's rights. Despite Defendants' lack or probable cause to arrest Plaintiff, Defendants maliciously continued a criminal prosecution against Plaintiff under Docket No.: CR-004005-19QN.  On May 5, 2017, the case was disposed of with adjournment contemplating dismissal (ACD).

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C §1331, 42 U.S.C §1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

2. The amount in controversy exceeds $75,000 excluding interest and costs.

## VENUE

3. Venue is laid within the United States District Court for the Eastern District of New York in that Defendants are located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

4. That at all pertinent times, Plaintiff was and is a resident of County of Queens, New York.

5. That at all pertinent times, Defendant City of New York (hereinafter "CITY") was and is a municipal corporation incorporated under the laws of New York State.

6. That at all pertinent times, Defendant New York City Police Department (hereinafter "NYPD") was and is an agency of Defendant CITY.

7. That at all pertinent times, Defendant Nicole Atkinson (hereinafter "ATKINSON") is and was an employee of Defendant NYPD.

8. That at all pertinent times, Defendant Kurt Anderson (hereinafter "ANDERSON") is and was an employee of Defendant NYPD.

9. That at all pertinent times, Defendants "John Does 1-4" (hereinafter the "OFFICERS") were and are employees of Defendant NYPD.

10. That at all pertinent times, Defendants ATKINSON, ANDERSON and OFFICERS were and are employees of Defendant CITY.

11. That at all pertinent times, Defendant CITY operated, and presently operates Defendant NYPD.

12. That at all pertinent times, Defendant CITY controlled, and presently controls Defendant NYPD.

13. That at all pertinent times, Defendant CITY managed, and presently manages Defendant NYPD.

14. On or about January 30, 2017 at or near the premises known Metropolitan Avenue and 75th Avenue, located in, Queens County, City and State of New York at approximately 7:20 p.m., Plaintiff was arrested without probable cause.

15. Plaintiff was a passenger in a vehicle driven by Michael Yusorov, which was involved in an automobile accident.

16. Defendants responded to an automobile accident and recorded Plaintiff as the passenger in the accident report.

17. Defendants recorded Michael Yusorov as the driver in the accident report.

18. On January 30, 2017, Defendants filed a criminal complaint alleging that Plaintiff was seated at the driver's seat.

19. Defendants criminal complaint alleges Plaintiff submitted to Defendants forged vehicle documents.

20. On or about March 28, 2017, Defendant ATKINSON signed a new complaint omitting that Plaintiff was the driver.

21. Defendants were provided with written documentation on January 31, 2017 that the vehicle did not have lost, stolen or forged documentation from owner Motor Association LLC.

22. The Defendants commenced a prosecution against Plaintiff without probable cause or justification, causing Plaintiff to be incarcerated for a period in excess of one (1) days.

23. Due to the illegal detention of Plaintiff by Defendants, Plaintiff had a loss income and benefits as she was fully employed at the time of incident.

24. Said prosecution was instituted with malice and bad faith and deliberate indifference to Plaintiff's rights.

25. Despite Defendants' lack or probable cause to arrest Plaintiff, Defendants maliciously continued a criminal prosecution against Plaintiff under Docket No.: CR-004005-19QN.

26. On May 5, 2017, the case was disposed of with adjournment contemplating dismissal (ACD).

27. As a result of Defendants' actions, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day.

## FIRST AND SECOND CAUSE OF ACTION
## 42.U.S.C. § 1983-Failure to Intervene and False Arrest

28. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Defendants ATKINSON, ANDERSON and OFFICERS witnessed the arrest on Plaintiff and failed to intervene in order to protect Plaintiff from harm.

30. Defendants attempted to detain Plaintiff without requisite probable cause.

31. Such conduct described herein violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

32. Consequently, Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FALSE ARREST AND IMPRISONMENT

33. The allegations set forth in paragraphs "1" through "32" inclusive are incorporated herein as if fully set forth.

34. Defendants' intended to cause the arrest, seizure and imprisonment of Plaintiff without a lawful warrant and without probable cause.

35. Defendants knew, or should have known, that the conduct engaged in would result in the false imprisonment of Plaintiff.

36. Plaintiff was aware of such confinement and did not consent to said confinement.

37. In verbally and physically resisting Defendants' acts described above, Plaintiff did not consent to Defendants' confinement of her.

38. The aforementioned confinement was not privileged in any way and was without legal justification.

39. Defendants CITY and NYPD are responsible and liable for the acts of Defendants ATKINSON, ANDERSON and OFFICERS done within the scope of their employment under the doctrine of *respondeat superior*.

40. As a direct and proximate cause of Defendants' false arrest and seizure of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

41. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY

42. The allegations set forth in paragraphs "1" through "41" inclusive are incorporated herein as if fully set forth.

43. Plaintiff was aware of such bodily contact and did not consent to said bodily contact.

44. The aforesaid bodily contact by Defendant ATKINSON, ANDERSON and OFFICERS against Plaintiff was offensive to Plaintiff.

45. Defendants CITY and NYPD are responsible and liable for the acts of the Defendants ATKINSON, ANDERSON and OFFICERS done within the scope of their employment under the doctrine of *respondeat superior*.

46. As a result of Defendants' actions, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

47. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTION DISTRESS

48. The allegations set forth in paragraphs "1" through "47" inclusive are incorporated herein as if fully set forth.

49. That Defendants ATKINSON, ANDERSON and OFFICERS intended to make offensive, bodily contact with Plaintiff.

50. Defendants ATKINSON, ANDERSON and OFFICERS did in fact make offensive, bodily contact with Plaintiff.

51. Said offensive, bodily contact was outrageous, which exceeded all bounds usually tolerated by a decent society.

52. Such extreme and outrageous conduct caused Plaintiff to suffer severe and debilitating mental anguish which had a disabling effect on Plaintiff.

53. Defendants NYC and NYPD are responsible for and liable for the acts of Defendants ATKINSON, ANDERSON and OFFICERS done within the scope of their employment through the doctrine of *respondeat superior*.

54. As a direct and proximate cause of Defendants' intentional infliction of emotional distress of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs, all to Plaintiff's damages in the amount which exceeds the jurisdictional limitations of the courts and in an amount to be determined at a trial of this action.

55. That the conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

56. The allegations set forth in paragraphs "1" through "55" inclusive are incorporated herein as if fully set forth.

57. That Defendants CITY and NYPD failed to exercise reasonable care in hiring ANDERSON, ATKINSON and OFFICERS; therefore, breaching their duty to Plaintiff as well as to the public to exercise reasonable care in their hiring of employees.

58. That Defendants CITY and NYPD should have known of the propensity of the ANDERSON, ATKINSON and OFFICERS to commit injurious acts.

59. That Defendants CITY and NYPD were negligent in failing to properly train and supervise its employees, more specifically Defendant ANDERSON, ATKINSON and OFFICERS.

60. Defendants CITY and NYPD are responsible and liable for the acts of Defendants ATKINSON, ANDERSON and OFFICERS done within the scope of their employment under the doctrine of *respondeat superior*.

61. Defendant CITY is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. Defendant CITY has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiffs' constitutional rights in this case.

62. As a result of Defendants' actions, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

63. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

64. The allegations set forth in paragraphs "1" through "63" inclusive are incorporated herein as if fully set forth.

65. That Defendants arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime. Said prosecution was instituted and continued with malice and bad faith and deliberate indifference to Plaintiff's rights.

66. That said malicious prosecution was disposed of with adjournment contemplating dismissal (ACD).

67. That there was no probable cause for the aforesaid arrest and criminal proceedings.

68. As a direct and proximate cause of the Defendants' malicious prosecution of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

69. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### FOR NEGLIGENCE

70. The allegations set forth in paragraphs "1" through "69" inclusive are incorporated herein as if fully set forth.

71. Defendants' actions in causing the aforesaid assault, battery, arrest, seizure, imprisonment and malicious prosecution of Plaintiff were in breach of the duty of due care owed to Plaintiff. Defendants ATKINSON, ANDERSON and OFFICERS acted negligently and in disregard for the procedures and safeguards, which are the standard for the arrest and lawful stop of a citizen, in arresting Plaintiff in the absence of reasonable suspicion or probable cause.

Defendants ATKINSON, ANDERSON and OFFICERS further breached their duty of care to investigate before affecting the arrest of a citizen and in their continued prosecution of Plaintiff.

72. That Defendants CITY and NYPD are responsible and liable for the acts of the Defendants ATKINSON, ANDERSON and OFFICERS done within the scope of their employment under the doctrine of *respondeat superior*.

73. As a direct and proximate cause of Defendants' negligence, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

74. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## **INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of wages, loss of employment advancement/promotion, loss of enjoyment of life, loss of liberty and other non- pecuniary losses. Plaintiff has further experienced severe emotional and physical distress and loss of love, services, consortium, affection, society and  companionship.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from January 30, 2017;

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988;

5. Judgment against all Defendants individually and collectively, on all causes of action, in an amount which exceeds the jurisdiction limitations of all lower courts and in an amount to be determined at the trial of this action, together with all costs and interest; and;

6. Granting such other and further relief as to this Court deems proper.

Dated: February 1, 2018
New York, New York

_____/s/_____
Michael A. Delakas, Esq.
Attorneys for Plaintiff
LLOYD GARCIA
245 Fifth Avenue, Ste. 1902
New York, New York 10016
(212) 321-0349

To:
CITY OF NEW YORK,
100 Church Street
New York, New York 10007

NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza
New York, New York 10038

POLICE OFFICER ATKINSON
112TH Precinct
68-40 Austin Street
Forest Hills, New York 11375

POLICE OFFICER ANDERSON
112TH Precinct
68-40 Austin Street
Forest Hills, New York 11375


NEW YORK CITY POLICE OFFICERS "JOHN DOES "1- 4", PERSONS EMPLOYED BY NEW YORK CITY POLICE DEPARTMENT
112TH Precinct
68-40 Austin Street
Forest Hills, New York 11375

VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

Michael A. Delakas, the undersigned, am an attorney duly admitted to practice law in this State and the Federal Courts of the Eastern District of New York, and affirm the following to be true under penalty of perjury:

I am a member of Michael A. Delakas, PC, the trial attorneys for the attorney of record for Plaintiff.

I have read the foregoing COMPLAINT, and know the allegations of fact stated therein, that the stated allegations of fact are true to my own knowledge except as to those allegations stated to be on information and belief, and as to those matters, I believe them to be true.

The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where Michael A. Delakas, PC. maintains its offices.

Dated: New York, New York
       February 1, 2018

_____/s/_____
Michael A. Delakas, Esq.